UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 18-22226-FAM

FRANCISCO VAZQUEZ, and all others )
similarly situated under 29 U.S.C. 216(b), )
              )
    Plaintiff, )
 vs. )
              )
GOLD PROTECTION SERVICES INC., )
ALAIN URQUIOLA, )
              )
    Defendants. )
_____ )

**PLAINTIFF'S RESPONSE IN OPPOSITION TO [DE11]**

NOW COMES the Plaintiff, by and through counsel, and Responds in Opposition to Defendants' Motion for Extension of Time, filed as [DE11], and in support thereof states as follows:

1. On June 5, 2018 Plaintiff filed his complaint. [DE1].

2. On July 19, 2018 Defendants were served with their respective summons, therefore Defendants responses were due August 9, 2018. [DE8].

3. On August 10, 2018, Plaintiff, by and through counsel, filed for Clerks Default as Defendants had not properly responded to the complaint with in the deadlines set forth by the Court. [DE11]

4. Defendants' now move this Court for leave to file an Answer and Affirmative Defenses to the Complaint, after said Answer was due to be filed and after Plaintiff's Motion for Clerk Default was filed. [DE12].

5. Local Rule 7.1(a)(3) requires that parties engage in good faith conferral before the filing of any motion in this district, and when filing said motion the moving counsel shall include a certification above the counsel's signature block detailing his conferral or conferral attempts.

6. Failure to comply with Local Rule 7.1(a)(3) "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." **Defendants failure to confer in good faith is grounds alone for denial of the pending Motion [DE11].**

7. Defense Counsel never contacted Plaintiff's counsel for their position on a Motion for Extension of Time.

8. There are three Plaintiff's Counsel of record, none of whom received a phone call, fax, email or any other type of communication regarding a request for an extension.

9. As Magistrate Judge Goodman has noted, "[s]trict compliance with Local Rule 7.1(a)(3) is very important." *Marler v. U-Store-It Mini Warehouse Co.*, 2011 WL 1430262 at *2 (S.D. Fla. April 14, 2011). The Rule lists a number of motions excluded from the conferral requirement, but a motion such as this is not an excluded motion under Local Rule 7.1(a)(3).[1]

10. Defendants' Motion [DE11] fails to comply with Local Rule 7.1(a)(3). Defendants failed to confer **in good faith** with Plaintiff's counsel prior to the filing of the subject

---

[1] Motions excluded from the conferral requirement are "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action." Local Rule 7.1(a)(3).

    Motion [DE10] pursuant to S.D.L.R. 7.1(a)(3) and this should be grounds alone for denial.

11. However, the Plaintiff, by and through undersigned counsel, would not oppose a fourteen (14) day extension from the date the answer was due to file their answer and affirmative defenses, should Defendants not be challenging service.

WHEREFORE PLAINTIFF RESPECTFULLY REQUEST THE COURT DENY DEFENDANTS' MOTION IN ITS ENTIRETY AND GRANT PLAINTIFF'S MOTION FOR CLERKS ENTRY OF DEFAULT, OR, IN THE ALTERNATIVE ORDER DEFENDANTS TO ANSWER THE COMPLAINT BY AUGUST 23, 2018, SHOULD THEY NOT BE CHALLENGING SERVICE.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
    Neil Tobak, Esquire
    Florida Bar No.: 093940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 8/13/18 TO:**

**ALL CM/ECF RECIPIENTS**

**BY:_____/s/ Neil Tobak_____**
**NEIL TOBAK, ESQ.**